UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOSEPHA W. AUSTIN; ROBIN L.      )
CRUZ; GORDANA POBRIC; and        )
JENNIFER HASELMAN,               )
                                 )
     Plaintiffs,                 )
                                 )
          v.                     )    Case No. 2:23-cv-272
                                 )
MONSANTO COMPANY; BAYER          )
CROPSCIENCE L.P.; SOLUTIA,       )
INC.; PHARMACIA, L.L.C.;         )
PHARMACIA, INC.; and             )
PHARMACIA CORP.,                 )
                                 )
     Defendants.                 )

## OPINION AND ORDER

Plaintiffs bring this action claiming harm resulting from their exposure to polychlorinated biphenyls ("PCBs").  Pending before the Court are Defendants' motion to quash and motion for a protective order relating to the proposed deposition of Robert Kaley, Ph.D. ("Dr. Kaley") in his individual capacity.  For reasons set forth below, those motions are **denied**.

## Background

The Complaint alleges that Plaintiffs, while at Burlington High School in Burlington, Vermont, were harmed by PCBs manufactured by Monsanto.  Dr. Kaley is an analytical chemist who worked for Monsanto beginning in 1973.  He first worked as a research chemist on PCB environmental issues, and subsequently as Director of Environmental Affairs.  He retired in 2003 as

Director of Environment Affairs for Defendant Solutia, Inc., a spin-off of Monsanto's chemical businesses.

Since his retirement, Dr. Kaley has been serving as a consultant to Defendants. In that role, he has testified several times in his individual capacity regarding Monsanto's historical PCB practices. He has also testified as Defendants' corporate witness in PCB litigation, including in a case filed by the Burlington School District regarding PCBs at Burlington High School. Dr. Kaley previously testified as a Rule 30(b)(6) witness in this case. Plaintiffs seek to depose him again in his individual capacity.

Defendants now move to quash and for a protective order, arguing that Plaintiffs served the deposition notice merely to annoy and create undue burden or expense. Their primary arguments are that Dr. Kaley has testified about his time at Monsanto on multiple occasions, and that approximately 52 transcripts were provided to Plaintiffs; that Plaintiffs' counsel asked individual capacity-related questions at Dr. Kaley's recent Rule 30(b)(6) deposition; and that Dr. Kaley has no personal knowledge about Burlington High School, the individual Plaintiffs, or other case-specific issues. Defendants submit that Dr. Kaley's knowledge pertains only to Monsanto's historical and general practices as those practices

2

relate to PCBs, and that those areas were covered repeatedly in past testimony.

Dr. Kaley is the only former employee of Monsanto identified as a witness who possesses first-hand knowledge about the company's PCBs.  Plaintiffs contend that Dr. Kaley's individual capacity testimony will extend beyond his employment at Monsanto, as he allegedly has information about the company's withdrawal of its PCBs from open uses prior to 1973.  Plaintiffs also inform the Court that although one of their attorneys previously deposed Dr. Kaley in a different case, their attorneys have never deposed him in his individual capacity.

## Discussion

Rule 30 of the Federal Rules of Civil Procedure provides for oral depositions.  Fed. R. Civ. P. 30(a).  A party's right to conduct a deposition is subject to Rule 26(c), which provides that "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26.  If the moving party shows good cause, the Court may provide various forms of relief including forbidding the deposition or, alternatively, forbidding inquiry into certain matters.  *Id.* at 26(c)(1)(A)-(H).

Here, Defendants argue that a deposition is unnecessary because Dr. Kaley has testified numerous times on the same or

similar topics, including in his deposition relating to PCBs at Burlington High School.  They also claim that at Dr. Kaley's Rule 30(b)(6) deposition, Plaintiffs' counsel spent approximately one third of the deposition asking questions that could only be answered in an individual capacity, as the questioning was outside the scope of the Rule 30(b)(6) notice. Those questions were reportedly posed despite Defendants' offer to allow individual-capacity questions during the Rule 30(b)(6) deposition in lieu of scheduling a separate individual-capacity deposition.  Plaintiffs' counsel apparently declined that offer.

The Court appreciates that Dr. Kaley's knowledge about Monsanto and PCBs has been the subject of voluminous testimony, and that covering the same ground in another deposition may not be an efficient use of the parties' resources.  The Court is also aware, however, that "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."  *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997); *see also Investment Prop. Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972) (noting that "an order to vacate a notice of taking [of a deposition] is generally regarded as both unusual and unfavorable"); *Speadmark, Inc. v. Federated Dep't Stores*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) ("An order barring a litigant from taking a deposition is most extraordinary relief."); 8A

4

Wright & Miller, Federal Practice and Procedure, § 2037 (3d ed.)
("most requests of this kind are denied").  "It is the party
seeking [an order barring a deposition] that bears the burden of
proving that the proposed deponent has nothing to contribute."
*Speadmark, Inc.*, 176 F.R.D. at 118.

While Defendants' concerns about duplication of testimony
may be justified, the record before the Court does not establish
that Dr. Kaley, testifying in his individual capacity, has
nothing to offer.  As a former employee of Monsanto and Solutia,
Inc., Dr. Kaley is likely to have significant knowledge about
those companies and their policies and practices relative to
PCBs.  Defendants disclosed Dr. Kaley as an individual with
facts relevant to this case, and Plaintiffs' counsel is entitled
to probe his knowledge base.  That said, the Court encourages
counsel to tailor the questioning to matters that have not been
firmly established in Dr. Kaley's prior testimony.

The Court further finds that Defendants have not shown
annoyance, undue burden or expense.  The deposition will occur
in Dr. Kaley's home state, and he has not been asked to produce
any documents for his fact witness deposition.  This is a
complex case spanning several decades and involving significant
documentary evidence.  In that context, a single additional fact
witness deposition does not impose an undue burden or expense on
Defendants.

Rule 26 requires good cause to be shown before a court may issue a protective order barring a deposition. Fed. R. Civ. P. 26(c)(1). For each of the reasons set forth above, the Court finds that Defendants have not met their burden. The motions to quash and for a protective order are therefore denied.

## Conclusion

For the reasons set forth above, Defendants' motion to quash the Amended Notice of Deposition of Robert Kaley, Ph.D. and motion for a protective order (ECF No. 139) are **denied.** Plaintiffs' related motion to filed certain exhibits under seal (ECF No. 145) is **granted.**

DATED at Burlington, in the District of Vermont, this 21st day of May, 2025.


/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge